# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 31, 1998 SESSION

FILED

September 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **CLONTE THOMAS,** | ) | |
| | ) | **NO. 02C01-9804-CR-00113** |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOSEPH B. DAILEY,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **AFFIRMED - RULE 20** |

## ORDER

Petitioner appeals the summary dismissal of his second petition for post-conviction relief. The trial court dismissed the petition finding the statute of limitations had expired, and his allegations were resolved in his first petition for post-conviction relief. We affirm the judgment of the trial court pursuant to Rule 20, Tennessee Court of Criminal Appeals.

Petitioner was convicted of first degree murder on August 7, 1991. The conviction was affirmed by this Court. State v. Clonte J. Thomas, C.C.A. No. 02C01-9112-CR-00262, Shelby County (Tenn. Crim. App. filed January 27, 1993, at Jackson). The Tennessee Supreme Court denied permission to appeal on June 7, 1993.

Petitioner filed his first petition for post-conviction relief on September 23, 1993, alleging ineffective assistance of counsel and erroneous jury instructions. The petition was dismissed after an evidentiary hearing, and this Court affirmed the dismissal. Clonte Thomas v. State, C.C.A. No. 02C01-9408-CR-00167, Shelby County (Tenn. Crim. App. filed March 22, 1995, at Jackson). Permission to appeal was denied by the Tennessee Supreme Court on July 10, 1995.

The present petition for post-conviction relief was filed on February 27, 1998. The trial court summarily dismissed the petition finding it to have been filed outside the statute of limitations, and the previous petition had been resolved on its merits.

Petitions filed after May 10, 1995, are controlled by the Post-Conviction Procedure Act of 1995. *See* Tenn. Code Ann. § 40-30-201 Compiler's Notes. The statute of limitations is one (1) year. Tenn. Code Ann. § 40-30-202(a). For convictions that were final prior to May 10, 1995, the last possible date for filing a petition for post-conviction relief was May 10, 1996. *See* <u>Jason L. Jennings v. State</u>, C.C.A. No. 01C01-9703-CR-00106 Davidson County (Tenn. Crim. App. filed April 1, 1998, at Nashville). None of the exceptions to the one-year requirement applies in this case. *See* Tenn. Code Ann. § 40-30-202(b). Thus, the trial court correctly ruled that the petition was barred by the statute of limitations.

Further, Tenn. Code Ann. § 40-30-202(c) provides that a second or subsequent petition shall be summarily dismissed if a prior petition has been resolved on its merits by a court of competent jurisdiction. As found by the trial court, the prior petition was resolved on its merits; therefore, the trial court properly dismissed the present petition summarily.

It is, therefore, ordered that the judgment of the trial court be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals. Costs are taxed to the state as it appears the petitioner is indigent.

_____
**JOE G. RILEY, JUDGE**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**DAVID G. HAYES, JUDGE**